NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————

**In re:  DROPBOX, INC.,**
*Petitioner*

—————————

2020-130

—————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:19-cv-00525-ADA, Judge Alan D. Albright.

--------------------------------------------------------------------------------

**In re:  DROPBOX, INC.,**
*Petitioner*

—————————

2020-132

—————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:19-cv-00526-ADA, Judge Alan D. Albright.

—————————

**ON PETITION**

—————————

Before PROST, *Chief Judge*, MOORE and HUGHES, *Circuit Judges*.

PROST, *Chief Judge*.

## O R D E R

In these related petitions arising out of patent infringement suits brought by SynKloud Technologies, LLC against Dropbox, Inc., which we consider together, Dropbox asks this court to direct the United States District Court for the Western District of Texas to grant its motions to transfer under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California.

Dropbox contends that the district court clearly erred in crediting SynKloud's assertions that Dropbox's employees in Austin, Texas had any relevant and material knowledge to the issues in this case without conducting any meaningful evaluation of the record and merely resolving any factual dispute between the parties in favor of the non-moving party. Dropbox further contends that the district court erred in weighing the court congestion factor against transfer and also weighing against transfer the fact that SynKloud brought a separate infringement action against Adobe involving overlapping patents asserted in one of the cases against Dropbox in the Western District of Texas.

Since the district court made its determinations, this court has issued an order relevant to these petitions. In *In re Adobe Inc.*, No. 2020-126 (Fed. Cir. ___ 2020), this court recently granted mandamus to direct transfer of the very case the district court cited as weighing against transfer. The court in *Adobe* also explained that the district court erred by giving the court congestion factor essentially dispositive weight, particularly given that the scheduling order the district court relied on (which is the same one cited by the court in these cases) did not speak to court congestion.

In light of this court's intervening decision in *Adobe*, we decline to find that Dropbox has "no other adequate means to attain the relief [it] desires" without Dropbox first moving the district court for reconsideration of its orders denying Dropbox's motions to transfer. *Cheney v. U.S. Dist.*

*Court for the Dist. of Columbia,* 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). We therefore deny the petitions for a writ of mandamus. Any new petitions for mandamus from the district court's rulings on reconsideration will be considered on their own merits.

Accordingly,

IT IS ORDERED THAT:

The petitions are denied.

FOR THE COURT

July 28, 2020          /s/ Peter R. Marksteiner
Date                   Peter R. Marksteiner
                       Clerk of Court

s31